**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Martin ANDREWS, Defendant—Appellant.**

**No. 06–10174.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 15, 2007.

Roger W. Dokken, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

James S. Park, Esq., Park Law Office, PLC, Phoenix, AZ, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Martin Andrews ("Andrews") appeals his thirty-two-month sentence for violating the conditions of his supervised release, contending that (1) the sentence was an unreasonable deviation from the five-to-eleven-month range set forth in the United States Sentencing Guidelines (U.S.S.G.) § 7B1.4(a) because the district court did not properly consider the factors under 18 U.S.C. §§ 3553, 3583(e); and (2) the district court's imposition of a penile plethysmograph supervised release condition was improper because the court did not make the necessary findings under *United States v. Weber*, 451 F.3d 552 (9th Cir. 2006). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm in part and vacate and remand in part.

In imposing a sentence upon revocation of supervised release, a district court must consider the § 3553 factors specified in 18 U.S.C. § 3583(e). *See*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*United States v. Miqbel,* 444 F.3d 1173, 1181–82 (9th Cir.2006). Because the record reflects that the district court properly weighed and considered the required factors, as demonstrated by its discussion of Andrews's history and characteristics, the need to protect the public from further crimes, and Andrews's need for medical care and other correctional treatment, and because the record reveals no consideration of impermissible factors, the district court did not err. Although it departed substantially from the policy statement of U.S.S.G. § 7B1.4(a), we find that in light of the facts here, the sentence imposed by the district court was reasonable.

■ In *Weber,* we held that imposition of penile plethysmograph testing as a condition of supervised release requires "a thorough, on-the-record inquiry into whether the degree of intrusion caused by such testing is reasonably necessary to accomplish one or more of the factors listed in [18 U.S.C.] § 3583(d)(1) and involves no greater deprivation of liberty than is reasonably necessary given the available alternatives." 451 F.3d at 568–69 (internal quotations omitted). Although the district court did not have the benefit of *Weber* at the time of sentencing, we must hold that imposition of the condition contrary to *Weber* constituted plain error. We therefore vacate the requirement that Andrews submit to plethysmograph testing and remand to the district court for further proceedings consistent with *Weber.*

**AFFIRMED in part, VACATED in part, and REMANDED.**