**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAWAD MIQBEL,
*Defendant-Appellant.*

No. 05-10033

D.C. No.
CR-00-00377-WBS

OPINION

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Chief Judge, Presiding

Argued and Submitted
October 17, 2005—San Francisco, California

Filed April 17, 2006

Before: Stephen Reinhardt and Sidney R. Thomas,
Circuit Judges, and Jane A. Restani,* Chief Judge,
United States Court of International Trade.

Opinion by Judge Reinhardt

*The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

**COUNSEL**

Quin Denvir, Federal Public Defender; Timothy Zindel, Assistant Federal Public Defender (argued), Sacramento, California, for the defendant-appellant.

McGregor W. Scott, United States Attorney; Samantha S. Spangler, Assistant U.S. Attorney (argued), Sacramento, California, for the plaintiff-appellee.

**OPINION**

REINHARDT, Circuit Judge:

Jawad Miqbel appeals the sentence imposed by the district court on the grounds that the court failed to set forth sufficient

reasons for its imposition of a sentence outside the recommended range, in violation of 18 U.S.C. § 3553(c), and that the sentence was unreasonable because it was imposed to provide "just punishment," a factor he alleges to be impermissible in revocation sentencing. We vacate the sentence and remand for resentencing.

## I.

On February 21, 2001, Jawad Miqbel pled guilty to a charge of conspiracy to possess a listed chemical with knowledge and reasonable cause to believe it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 846 and § 841(d)(2). On September 5, 2001, Chief Judge William Shubb of the United States District Court for the Eastern District of California sentenced him to three years imprisonment and three years of supervised release in addition to requiring mandatory drug testing. Miqbel served his prison sentence and was released under the supervision of the court on March 18, 2003.

Following his release, Miqbel used methamphetamine sporadically in violation of the conditions of his release. On September 3, 2003, he admitted to his probation officer that he had used methamphetamine on or around August 31, 2003. On October 27, 2003, he tested positive for amphetamine and methamphetamine. On May 3, 2004, Lodi Police initiated a traffic stop on a vehicle driven by Miqbel and during a subsequent search, conducted with his consent, found 7.1 grams of marijuana and 1.3 grams of methamphetamine in the car. He was released the following day and immediately reported the arrest to his probation officer. Based on these incidents, the probation officer filed a petition with the court on June 1, 2004 alleging that Miqbel had violated the conditions of his release. In the petition, the probation officer noted that Miqbel had "been in high frequency substance abuse testing and group and individual counseling" since late 2003 and that

since he had started that treatment, "[a]ll indications were that he was doing well."

Appearing before the district court at the revocation hearing on December 22, 2004, Miqbel was found in violation of one charge, use of methamphetamine, a Grade C violation under the federal Sentencing Guidelines. For a Grade C violation, the Chapter 7 policy statements recommend a range of imprisonment of three to nine months for those who, like Miqbel, have a Category I criminal history. U.S. Sentencing Guidelines Manual § 7B1.4 (2004) (Term of Imprisonment (Policy Statement)).[1] At the revocation hearing, however, the district court sentenced Miqbel outside of the recommended three- to nine-month range, to a term of twelve months of imprisonment, despite the recommendations of the probation officer and the government that he receive a six month sentence.[2] The only reason provided by the court for the upward departure was: "I have considered the guidelines under Chapter 7, and I have carefully given consideration to a sentence within those guidelines, but I find that a sentence within those guidelines would be insufficient to meet the purposes of sentencing under these circumstances."

On May 25, 2005, the district court heard and denied Miqbel's motion for bail pending appeal. At this hearing, the court acknowledged that it "could have and probably should have been more explicit in the reasons given for the sentence" that it had imposed at the earlier revocation proceeding, and sug-

---

[1]The Sentencing Commission has historically issued only " 'advisory policy statements' applicable to revocations of probation and supervised release instead of mandatory guidelines." *United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir. 2000). Now, of course, all sentencing guidelines and policy statements are advisory, not mandatory. *See United States v. Booker*, 543 U.S. 220, 259 (2005).

[2]We have held that the district court is not bound by the recommendation of the parties in sentencing, so the court did not err by virtue of its refusal to follow the recommendations. *See United States v. Hurt*, 345 F.3d 1033, 1036 (9th Cir. 2003).

gested that Miqbel's counsel raise on appeal the issue whether a court can consider punishment as a factor in deciding what sentence to impose upon revocation of supervised release. In the course of the bail hearing, the court stated that in its view, "punishment is the sentence imposed in order to promote respect for the law and to provide just punishment for the offense"[3] and stated its belief that punishment could be taken into account in revocation sentencing.

Miqbel appeals his sentence.[4] This court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

Whether the district court provided an adequate statement

---

[3]At the sentencing and bail hearings, there was some discussion of behavior that in two respects might indicate Miqbel's potential for danger to the community, a § 3553(a)(2) factor that may properly be considered in terminating a term of supervised release (*see* § 3583(e)). First, the government noted an alleged domestic dispute between Miqbel and his girlfriend. (When this was raised, Miqbel's counsel stated that the girlfriend, who was present at sentencing, now "sa[id] he didn't strike her" and that the report was false.) Second, the government cited the possibility that Miqbel drove a delivery truck at work while using drugs. (Miqbel's counsel pointed out at the bail hearing that this was mere supposition and that there was no evidence "that Mr. Miqbel ever drove a motor vehicle while under the influence.") The government also provided information as to Miqbel's history of pretrial and supervised release violations. However, when sentencing Miqbel, the district court did not refer specifically to any of these factors, nor did it appear to rely on any of them as a basis for the sentence imposed. Furthermore, the court's questions at the subsequent bail hearing ("What about the law on danger to the community? What's the definition of danger to the community?") and the ensuing discussion make it evident that it had not previously engaged in any substantive consideration of such factors and did not rely on such factors when imposing the sentence.

[4]Miqbel's original expected release date was December 18, 2005. However, on October 19, 2005, we granted the request for bail pending resolution of this appeal and ordered Miqbel's release, remanding to the district court only for the purpose of determining the conditions of release.

of reasons for the sentence it imposed is a question of law that we review *de novo*. *United States v. Duran*, 37 F.3d 557, 560 (9th Cir. 1994) (citing *United States v. Upshaw*, 918 F.2d 789, 792 (9th Cir. 1990), *cert. denied*, 499 U.S. 930 (1991)). If a defendant fails to object to the district court's failure to adequately state reasons, however, the sentence is reviewed for plain error. *See United States v. Vences*, 169 F.3d 611, 613 (9th Cir. 1999).

We have historically reviewed the district court's consideration of non-binding policy statements, such as Chapter 7, for abuse of discretion. *United States v. Tadeo*, 222 F.3d 623, 625 (9th Cir. 2000); *United States v. George*, 184 F.3d 1119, 1120 (9th Cir. 1999). We review the sentence ultimately imposed for reasonableness. *United States v. Booker*, 543 U.S. 220, 261-62 (2005).[5]

---

[5]According to § 3742, a sentence "imposed for an offense for which there is no sentencing guideline" — i.e., for which there is only a policy statement — will be reversed only if it is "plainly unreasonable." 18 U.S.C. § 3742(a)(4) & (f)(2). After *Booker*, however, it appears that the applicable standard is "reasonableness." *See id.* at 261; *see also United States v. Davis*, 428 F.3d 802, 808 (9th Cir. 2005) (as amended) (holding that, after *Booker*, "appellate courts should review sentences for 'unreasonableness' "). At least two other circuits have held that *Booker*'s excision of § 3742(e) and its establishment of a "reasonableness" standard "is fairly understood as requiring that its announced standard of reasonableness now be applied not only to review of sentences for which there are guidelines but also to review of sentences for which there are no applicable guidelines." *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005) (reviewing a sentence on revocation of supervised release for reasonableness); *see also United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005) (same); *United States v. Edwards*, 400 F.3d 591, 592-93 (8th Cir. 2005) (same); *but see United States v. Johnson*, 403 F.3d 813, 816-17 (6th Cir. 2005) (declining to decide whether to apply a "reasonableness" or a "plainly unreasonable" standard). We join the Second and Eighth Circuits in concluding that *Booker*'s "reasonableness" standard has displaced the former "plainly unreasonable" standard in the context of revocation sentencing.

### III.

**[1]** On appeal, Miqbel argues, first, that the trial court erred by failing to explain adequately the reasons for his sentence, as required by 18 U.S.C. § 3553(c).[6] Section 3553(c) requires the court:

> at the time of sentencing, [to] state in open court the reasons for its imposition of the particular sentence, and, if the sentence —
>
> (1) is of the kind, and within the range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence within a particular point within the range; or
>
> (2) is not of the kind, or is outside the range, described in subsection (a)(4), the *specific reason* for the imposition of a sentence different from that described, which reasons must be stated with specificity in the written order of judgment and commitment . . . .

18 U.S.C. § 3553(c) (emphasis added). The requirement applies to sentences imposed following consideration of the Sentencing Commission's policy statements, as well as those imposed following consideration of the guidelines' previously mandatory provisions.[7] For an offense like Miqbel's, classi-

---

[6]Although after *Booker*, the sentencing guidelines are no longer mandatory, the requirements of § 3553(c) remain applicable. *See United States v. Fifield*, 432 F.3d 1056, 1063-66 (9th Cir. 2005) (applying the § 3553(c) requirement post-*Booker*); *see also Booker*, 543 U.S. at 259, 266 (holding that after the excision of 18 U.S.C. § 3553(b)(1) and § 3742(e), "[t]he remainder of the [Federal Sentencing] Act 'function[s] independently' " and "remain[s] intact" (citation omitted) (second alteration in original)).

[7]Subsection (a)(4), referred to in § 3553(c), includes "the applicable guidelines or policy statements issued by the Sentencing Commission pur-

fied as Grade C and involving an offender with a Category I criminal history, the recommended range for sentencing under the Chapter 7 policy statements is three to nine months. U.S. SENTENCING GUIDELINES MANUAL § 7B1.4 (2004). The district court, however, imposed what would appear to be an out-of-range sentence of twelve months.

The government argues that according to *United States v. Lockard*, 910 F.2d 542 (9th Cir. 1990), there is "no 'range' for revocation of a term of supervised release and imposition of the term of that sentence." *Id.* at 545. Therefore, the government contends, the court "need not comply with section 3553(c)(2) when sentencing for a supervised release violation, but need only set forth its general reasons for a sentence pursuant to the prefatory language of section 3553(c)." The government overlooks, however, the fact that *Lockard* was decided in 1990, four years before an amendment to § 3553(a)(4)(B) added the phrase "policy statements." *See* § 3553(a)(4)(B) ("[I]n the case of a violation of probation or supervised release, [the court shall consider] the applicable guidelines *or policy statements* issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(3)]." (emphasis added)); *see also George*, 184 F.3d at 1120 (explaining the effect of the 1994 amendments). Because § 7B1.4, which is a policy statement prescribing sentencing ranges for defendants in Miqbel's position, was not made applicable to § 3553 until the 1994 amendment was adopted, it could not have been applied to Lockard.

**[2]** Miqbel's supervised release sentencing clearly falls within § 3553(c)(2). Because § 3553(a)(4), as amended,

---

suant to [28 U.S.C. § 994(a)(3)]." 18 U.S.C. § 3553(a)(4)(B). Section 994(a)(3) covers "guidelines or general policy statements regarding the appropriate use of the provisions for revocation of probation set forth in [18 U.S.C. § 3565], and the provisions for modification of the term or conditions of supervised release and revocation of supervised release set forth in [18 U.S.C. § 3583(e)]." 28 U.S.C. § 994(a)(3).

includes the ranges of imprisonment applicable upon revocation of supervised release listed in the § 7B1.4 table, any sentence less than three months or more than nine months is "outside the range" of sentences described in § 3553(a)(4). Therefore, when it imposed a sentence that fell outside that three-to-nine-month range, the district court was required to provide "the *specific reason* for the imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2) (emphasis added).

In *United States v. Musa*, 220 F.3d 1096 (9th Cir. 2000), the defendant made a claim similar to Miqbel's based on the trial court's failure to "adequately set forth its reasons for departing from the recommended guidelines as required by 18 U.S.C. § 3553(c)." *Id.* at 1101. Because Musa's sentence "went outside the policy statement range" — in Musa's case, the sentence imposed was the three-year statutory maximum, instead of the three-to-nine-month range listed in § 7B1.4 — we held that the district court was required to provide specific reasons for its departure from the recommended sentencing range. *Id.*[8]

**[3]** In Miqbel's case, the only reason the district court provided at sentencing for imposing an out-of-range twelve-month sentence was that it found that "a sentence within [the] guidelines would be insufficient to meet the purposes of sentencing under these circumstances."[9] Although the govern-

---

[8]Cited in *Musa*, *United States v. Montenegro-Rojo*, 908 F.2d 425 (9th Cir. 1990), also held that reasons for departure "must be sufficiently specific to allow this court to conduct a meaningful review." *Id.* at 428.

[9]In contrast, the district court in *Musa* found that the defendant was a "danger to the community." *Musa*, 220 F.3d at 1101; *see* § 3553(a)(2)(C) ("to protect the public from further crimes of the defendant"). This was held to be a sufficiently specific reason to satisfy § 3553(c)(2). *Musa*, 220 F.3d at 1101; *compare United States v. Vallejo*, 69 F.3d 992, 995 (9th Cir. 1995) (holding the court's statement that "based on all the papers . . . the sentence will be twelve months" to be an inadequate statement of reasons under § 3553(c)).

ment contends that the district court provided the necessary reasons for its sentence "through its colloquy with counsel," that exchange did not in fact provide any "specific reason[s]" that would have satisfied § 3553(c)(2) for the imposition of a twelve month sentence.[10] Early in the colloquy, the district court referred generally to Miqbel's history of violations of pretrial and supervised release conditions, and asked defense counsel why it should not sentence Miqbel outside of the Chapter 7 range. That exchange took place, however, at the very beginning of the sentencing hearing, before defense counsel had any opportunity to provide an explanation for Miqbel's past or current behavior. At that early point in the proceeding, the district court clearly had not made a decision regarding Miqbel's sentence and was instead simply seeking information that it believed might assist it in its later formulation of a sentence; at that point, the court could not be understood to be providing reasons for a sentence that it had not yet decided to impose. In contrast, after both the prosecution and defense had presented their arguments, the district court arrived at its decision regarding Miqbel's sentence and declared:

> I have considered the guidelines under Chapter 7, and I have carefully given consideration to a sentence within those guidelines, but I find that a sen-

[10]The government attempts to analogize the colloquy in the instant case to that in *United States v. Vences*, 169 F.3d 611, 613 (9th Cir. 1999) ("[W]hile the district court failed to comply with the technical requirements of § 3553, the court's reasons were implicit in the colloquy the court had conducted with counsel."). In *Vences*, however, the court was not operating within the context of § 3553(c)(2), but instead under § 3553(c)(1). *Id.* at 613. Therefore, unlike in the instant case, the *Vences* court was not required to provide *specific* reasons for its rejection of the recommended range. Also, in *Vences*, we engaged in plain error review, while here we review under the ordinary error standard. Most important, in *Vences* we held that we lacked jurisdiction over the appeal and dismissed it on that basis. For that reason if no other, the isolated statement on which the government attempts to rely is of little or no assistance to it.

tence within those guidelines would be insufficient to meet the purposes of sentencing under these circumstances.

Without further explanations of its reasons, the court sentenced Miqbel to twelve months in prison. At no time during sentencing did the court tie Miqbel's prior actions to its decision to impose a sentence outside of the recommended guidelines. Nor did it state that such actions were relevant to any permissible sentencing factors, such as the need for deterrence from future criminal conduct or rehabilitation.[11]

**[4]** The legislative history behind § 3553(c) makes the district court's duty — and the failure to fulfill that duty in this case — even more clear. The Senate Report explicitly differentiates between the requirements for sentences that are inside the guideline range and sentences that are outside that range:

> Subsection (c) contains a . . . requirement that the court give the reasons for the imposition of the sentence at the time of sentencing. It *also* requires, if the sentence is within the guidelines, the court to give its reasons for imposing a sentence at a particular point within the range. *Further*, if the sentence is not within the sentencing guidelines, the court must state the *specific reason for imposing [a] sentence that differs from the guidelines*.

*Lockard*, 910 F.3d at 545 (quoting S. Rep. No. 225, 98th Cong., 2d Sess. 79 (1984), *reprinted in* 1984 Code Cong. & Admin. News 3182, 3262 (emphasis added)) (internal quota-

---

[11]Although the Assistant United States Attorney present at sentencing provided background on Miqbel's history, she still recommended a sentence of only six months. Therefore, it is unclear from the record on sentencing on what basis the court justified its decision to impose a twelve-month sentence. As to that inquiry, we have only the very cursory explanation offered by the court that "not all [defendants] have done what [Miqbel has] done" and that the guidelines under Chapter 7 were "insufficient."

tion marks and footnote omitted). The Report makes clear that in departing from the recommended sentencing range, the court must state the *specific* reason for imposing a sentence that differs from the recommended range. Therefore, in imposing a twelve-month sentence on Miqbel, the district court was required to give the specific reasons why a three-to-nine month sentence would not be sufficient *and* why a twelve-month sentence was appropriate.

**[5]** The government also argues that the district court explained its reasoning for Miqbel's sentence more explicitly at the subsequent bail hearing, held in May 2005. Aside from Miqbel's claim that the basis articulated at that hearing was "unreasonable," in that the district court relied primarily on punishment — a factor he alleges is not appropriate for consideration in the context of revocation sentencing, *see infra* Part IV — the dispositive issue is that the purported specific explanation was given at the bail hearing, and not at the revocation sentencing hearing. Section 3553(c) clearly requires the court to state its reasons "*at the time of sentencing.*" 18 U.S.C. § 3553(c) (emphasis added). Therefore, post hoc reasons provided at a later proceeding cannot be used to satisfy the § 3553(c) requirement.

This case well illustrates the reason for the rule we have just discussed. Defendants are, except in most unusual circumstances, present at sentencing hearings. They are, however, frequently absent from bail hearings, as was Miqbel. Thus, without such a rule, defendants might not hear directly from the court the reasons for the length of their confinement. To the extent that the bail hearing is useful in our analysis, it is only because the district judge himself admitted at that hearing that he "could have and probably should have been more explicit [at sentencing] in the reasons given for the sentence [he] imposed" and that he relied primarily on punishment and a desire to promote respect for the law in imposing the sentence.[12] Among the various justifications offered at the

---

[12]The government argues that the district court also considered Miqbel's history of violations, as well as the need for adequate deterrence and pro-

bail hearing for why he had not been more explicit in his reasons for imposing a twelve-month sentence, the district judge stated that he did not want to "lecture or talk down" to Miqbel, that he was "at the end of his rope" with regard to Miqbel, that he misunderstood the applicable law,[13] and that he did not want to have to argue with Miqbel's counsel about the reasons for the sentence. The court acknowledged that its colloquy with counsel failed to provide an adequate record for review on appeal, stating: "[i]n hindsight, I now realize that it's not the impact that the colloquy has on the defendant at the time of sentencing that I should have been concerned about. It was the impact that the colloquy would have had on the Court of Appeals later on."[14] It also recognized its admit-

tection of the public, at the bail hearing — all permissible factors under § 3553(a) — and that the district judge stated at that hearing that he "could go back and tie Mr. Miqbel's conduct into each one of those factors." The district court did not, however, even at the bail hearing, specifically relate any of these factors to its decision that a twelve-month sentence would be sufficient but a three-to-nine month sentence would not.

[13]The district judge stated at the bail hearing that

[a]t that time, it was my understanding of the law . . . that if the Court sentenced within the guidelines and the sentencing range did not exceed 25 months, it was not necessary for the Court to state the reasons for selecting the sentence that the Court did. . . . When it came to supervised release, it was my understanding of the law that . . . as long as the Court made it clear for the record that it had considered the Chapter 7 guidelines, it was still not necessary for the Court to state the reasons on the record why it selected the sentence that it did as long as the sentence was within the legal range.

[14]*Cf. United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999) (reversing the judgment of the district court and remanding for resentencing because it was "impossible" to review on appeal whether the sentence was unreasonable, given the district court's failure to offer reasons for its sentencing departure, and concluding that although it can be presumed that by reviewing the supervised release violation report, a district judge has considered the recommended sentencing range, "[i]t is not enough to presume that [the court] also considered the various factors set out in § 3553").

ted use of "shorthand" in sentencing, stating that it "found that a sentence within those guidelines would not be sufficient to meet the purposes of sentencing under the circumstances. Of course, the purposes of sentencing is a shorthand term for the factors to be considered in imposing a sentence listed in Section 3553(a)."[15]

[6] Although statements made by the court at the bail hearing regarding its perceptions or intentions at the time of the revocation hearing cannot be taken as providing the reasons for the sentence it imposed, as required by § 3553(c)(2), these statements do support our conclusion that the district court failed to explain the reasons for its departure from the Chapter 7 range with the required level of specificity.[16] Because we conclude that the district court failed to set forth the specific reasons for imposing a sentence that differs from that recommended by the applicable policy statement, we vacate the sentence imposed and remand for resentencing. *See United States v. Vallejo*, 69 F.3d 992, 995 (9th Cir. 1995); *United States v. Wilson*, 7 F.3d 828, 839-40 (9th Cir. 1993).

---

[15]Here, the court failed to note that the only sentencing factors that may be considered in sentencing for a violation of supervised release conditions are those provisions in § 3553(a) that are also listed in § 3583(e). *See infra* Part IV.

[16]There is no cause to apply plain error analysis here. Although Miqbel's counsel did not expressly object to the district court's failure to provide specific reasons for its departure from the recommended range, his objections to the court's sentencing decision were adequate to preserve the issue. Indeed, the court cut those objections short when counsel sought to discuss further the factors that the court could consider in imposing the sentence and challenged the necessity for an out-of-range sentence, given the application of those factors to the instant case. As the court subsequently stated, it did not offer reasons for its sentencing decision in part because it believed counsel would "come back and argue, argue, argue, argue again."

IV.

Upon resentencing, the district court will be required to provide an adequate statement of reasons for the sentence imposed. *See Wilson*, 7 F.3d at 839-40. In order to avoid further errors on remand and to minimize the possibility of additional appeals, and because the district court has expressly requested that we clarify the factors that may be considered in determining the sentence to be imposed upon revocation of a term of supervised release,[17] we will examine briefly the reasons alluded to by the district court (albeit at the wrong hearing) for its initial sentencing decision and identify the applicable statutory factors.

[7] Section 3553(a) provides a list of ten factors to be considered in imposing a sentence upon conviction of a criminal offense. 18 U.S.C. § 3553(a). Section 3583(e) incorporates the majority of the factors listed in § 3553(a) as factors to be considered in sentencing upon revocation of probation or supervised release.[18] 18 U.S.C. § 3583(e). Specifically, § 3583(e) incorporates eight of the ten factors listed in § 3553(a); to that extent, the provisions are similar.[19] Section

---

[17]The district court anticipated at the bail hearing that "the Court of Appeals may well reverse and remand for a more complete articulation," and specifically urged the parties to have this court address the punishment question: "You may want to raise this on appeal, because, quite frankly, I was not aware and, even more frankly, I'm still not aware that the Court can't consider punishment in deciding what sentence to impose on revocation of supervised release."

[18]The government's reliance on *Vences* is misplaced for the reasons mentioned in note 10 *supra*, and because Vences's sentencing did not occur within the context of termination of a supervised release, but instead involved an initial sentencing. *See Vences*, 169 F.3d at 612. Because the sentencing in *Vences* was an initial criminal sentencing, § 3553(a) and not § 3583(e) applied.

[19]Section § 3583(e) states that in the context of revocation, "[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . revoke a term of supervised release [and impose a term of imprisonment]." 18 U.S.C. § 3583(e).

3583(e) specifically omits, however, § 3553(a)(2)(A), which provides for consideration of "the need for the sentence imposed to reflect the seriousness of the offense, to *promote respect for the law*, and to provide *just punishment* for the offense." 18 U.S.C. §§ 3553(a) (emphasis added); 3583(e). Given that § 3553(a)(2)(A) is a factor that Congress deliberately omitted from the list applicable to revocation sentencing, relying on that factor when imposing a revocation sentence would be improper. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[Where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (alteration in original) (citation and internal quotation marks omitted)).

In *United States v. Booker*, the Court held that § 3553(a)'s sentencing factors guide appellate courts in "determining whether a sentence is unreasonable." *Booker*, 543 U.S. at 261. In the case of a sentence imposed upon revocation of supervised release, it is the § 3583(e) factors that provide such guidance. The improper reliance on a factor Congress decided to omit from those to be considered at revocation sentencing, as a primary basis for a revocation sentence, would contravene the statute in a manner similar to that of a failure to consider the factors specifically included in § 3583(e). Just as a sentence would be unreasonable if the district court failed to consider the factors listed in § 3553(a), *see United States v. Crosby*, 397 F.3d 103, 115 (2d Cir. 2005), a sentence would be unreasonable if the court based it primarily on an omitted factor, such as a factor provided for in § 3553(a)(2)(A).

Although a court may consider the need to sanction an individual for violating the conditions of probation or supervised release when formulating its sentence at a revocation proceeding, that type of "sanction" is distinct from the "just punishment" referred to in § 3553(a)(2)(A). In the Chapter 7 policy statements, the Sentencing Commission explained that viola-

tions of probation or supervised release are properly charac-
terized as "breach[es] of trust" and distinguished sanctions for
such a breach from the "imposition of an appropriate *punish-
ment for any new criminal conduct*." U.S. SENTENCING GUIDE-
LINES MANUAL, Ch. 7, Pt. A (2004) (emphasis added). Punish-
ment for the underlying offense, the Commission stated, must
be imposed separately, if at all, following a conviction by plea
or verdict in a separate criminal proceeding. The Commission
recognized, however, that in imposing a sentence upon revo-
cation, a court may properly "*sanction* the violator for failing
to abide by the conditions of the court-ordered supervision."
*Id.* (emphasis added). In sum, at a revocation sentencing, a
court may appropriately sanction a violator for his "breach of
trust," but may not punish him for the criminal conduct under-
lying the revocation.

[8] The omission of § 3553(a)(2)(A) from § 3583(e) also
makes clear that in imposing a revocation sentence, a court
may not properly consider a need to "promote respect for the
law," based on the nature of the underlying criminal offense
committed, or on the "seriousness of the [underlying]
offense." 18 U.S.C. § 3553(a)(2)(A). We recognize that the
difference between sanctioning a supervised release violator
for breach of trust and punishing him in order to promote
respect for the law is subtle indeed. We do not suggest that
a mere reference to promoting respect for the law would in
itself render a sentence unreasonable. However, such a refer-
ence is often intertwined with the concept of punishment, as
it is in § 3553(a)(2)(A) itself, and may serve as a basis for the
sentence imposed. For example, the district judge's remarks
at the bail hearing demonstrate the extent to which he treated
the two concepts as related when imposing the sentence:

> And to me, the sentence that I gave was necessary in
> order to promote respect for the law. . . . But if pun-
> ishment is the sentence that's imposed in order to
> promote respect for the law and to provide just pun-
> ishment for the offense as that is used in Section

3553(a)(2)(A), then I did think that you could take
that into account.

It is clear from reviewing the entire colloquy at the bail hear-
ing both that a primary basis for Miqbel's sentence was pun-
ishment that was intended to promote respect for the law, and
that the court had begun to doubt the validity of such a basis.[20]
Even though the district court appears to have based its sen-
tencing decision in part on an impermissible factor, and may
have committed reversible error,[21] we vacate for the reason we
considered first: the district court did not provide an adequate
statement of reasons for the sentence at the time of sentenc-
ing.

## CONCLUSION

Because the district court failed to state specific reasons for
the particular sentence imposed, we vacate Miqbel's sentence
and remand to the district court for resentencing.

**VACATED and REMANDED for further proceedings
consistent with this opinion.**

---

[20]As the district judge stated to defense counsel at the bail hearing: "I
told you that I thought you ought to be able to promote respect for the law
when somebody is on supervised release. I think I'm wrong now."

[21]Because of the district court's reliance on an impermissible sentencing
factor and the failure of the record to show that it considered the appropri-
ate § 3583(e) factors, we would likely be required to vacate and remand
for resentencing if for no other reason than to permit the judge to impose
a sentence on the basis of the proper factors. *Cf. Montenegro-Rojo*, 908
F.2d at 428 (9th Cir. 1990) ("[If] the district court considered both proper
and improper bases for departure, 'we have no way to determine whether
any portion of the sentence was based upon consideration of the improper
factors,' and must therefore vacate the sentence and remand for resentenc-
ing." (citations omitted)).