UNITED STATES of America,
Plaintiff–Appellee,

v.

Christopher BLANDIN, Defendant–Appellant.

No. 06–10436.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2007.

Filed March 26, 2007.

Robert L. Ellman, Esq., Christina Brown, Esq., Office of the U.S. Attorney Lloyd George Federal Bldg., Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Defendant Blandin appeals a 36–month term of imprisonment imposed by the district court following the revocation of three terms of supervised release. We affirm.

Blandin argues that the district court erred by failing to provide specific reasons for the sentence as required by 18 U.S.C. § 3553(c)(2), and that this failure prevents this court from determining whether the district court relied upon factors not authorized under 18 U.S.C. § 3583(e) in fashioning the sentence. *See United States v. Miqbel,* 444 F.3d 1173, 1178, 1180–81 (9th Cir.2006). Notably, though, he does not claim that the district court actually relied

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

upon impermissible factors, and our review of the record indicates it did not.

Although the specific reasons for the sentence imposed were not framed with perfect clarity, the reasons were made apparent and were permissible. The sentence imposed, though above the advisory guideline range, was within the statutory maximum, as well as being the sentence recommended by the probation office and sought by the government. During the sentencing hearing, at which Blandin was present, the district judge engaged in a lengthy and meaningful discussion, in the course of which he noted his reasoning. Blandin's history of repeated transgressions was obviously the driving force behind the sentence. The court made specific reference to the "terrible job" Blandin had done "in controlling [him]self," to the repeated "breach of trust," and to the need to "be concerned about society in general." The explanation was sufficient to provide us with a basis to review the sentence and thus meets the requirements of the statute. *See United States v. Musa,* 220 F.3d 1096, 1101 (9th Cir.2000). In light of these reasons and in the absence of any indication that the district court relied upon impermissible factors, we affirm.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided