UNITED STATES of America,
Plaintiff–Appellee,

v.

Tyra GOODMAN, a/k/a Tyra Johnson
and T. Eileen Johnson, Defendant–
Appellant.

No. 06–50452.

United States Court of Appeals,
Ninth Circuit.

Submitted April 18, 2007.*

Filed April 23, 2007.

Becky S. Walker, Esq., Jeremy D. Matz, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, for Defendant–Appellant.

Before: REINHARDT, NOONAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Tyra Goodman ("Goodman") appeals her twelve-month sentence for violating the terms of her supervised release. She offers three grounds: first, that the district court failed to state specific reasons for imposing an out-of-guidelines sentence, second, that the twelve-month sentence was unreasonable, and third, that the district court erred in finding that she violated the term of release prohibiting her from engaging in employment involving the solicitation of funds. We have jurisdiction under 28 U.S.C. § 1291. Because the district court failed to state the reasons for imposing an out-of-guidelines sentence with the required specificity, we VACATE and REMAND.

The district court is required to state "in open court the reasons for its imposition of the particular sentence," and must state a "specific reason" for the imposition of a sentence outside the guidelines. 18 U.S.C. § 3553(c). This specific reason or reasons must be stated at the time of sentencing and explain both why a guidelines sentence

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

would not be sufficient and why the imposed sentence would be appropriate. *United States v. Miqbel,* 444 F.3d 1173, 1179 (9th Cir.2006). The imposed sentence of twelve months is outside the guidelines range of four to ten months, but the district court failed to offer reasons with the required specificity, stating only that Goodman's actions were "serious," that they were "fairly grievous . . . in light of her previous condition" and that Goodman was "lucky" she did not testify under oath.

Upon remand, the district court should state the reasons for the imposition of its sentence with the required specificity. We need not rule on the reasonableness of the sentence or the contested violation at this time.

We therefore VACATE and REMAND for resentencing in accordance with this memorandum.

* This disposition is not appropriate for publication and is not precedent except as provided