**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gerardo GUTIERREZ–LIMON,**
**Defendant–Appellant.**

**No. 06–50705.**

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

David L. Katz, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gregory T. Murphy, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Gerardo Gutierrez–Limon appeals from the 12–month sentence imposed following the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291. We review for reasonableness, see *United States v. Miqbel,* 444 F.3d 1173, 1176 (9th Cir.2006), and we affirm.

Gutierrez–Limon contends that his sentence was unreasonable because the district court relied on a factor not included in the supervised release revocation sentencing factors set forth in 18 U.S.C. § 3583(e). He further contends that the district court failed to consider the appropriate factors in determining the length of the sentence or whether to impose a consecutive or concurrent sentence. Finally, he contends that the district court failed to adequately state reasons establishing that the sentence was sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

We reject these contentions. The record discloses that the district court appropriately imposed the sentence to sanction Gutierrez–Limon for his breach of trust in violating the conditions of supervised release. See *Miqbel,* 444 F.3d at 1182. The record further indicates that the district court considered the need for the sentence to deter Gutierrez–Limon from returning to the United States illegally. See 18 U.S.C. § 3553(a)(2)(B); *Miqbel,* 444 F.3d at 1181–82. We conclude that the district court considered the appropriate sentencing factors and imposed a sentence that complied with the purposes of sentencing upon revocation of supervised release. See 18 U.S.C. §§ 3553(a)(2), 3583(e), 3584(b); *Miqbel,* 444 F.3d at 1182.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

