**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gilberto PLACENCIA–MEDINA,**
**Defendant—Appellant.**

No. 06–50480.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

USSD–Office of the U.S. Attorney, A. Dale Blankenship, San Diego, CA, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Timothy R. Garrison, FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Gilberto Placencia–Medina appeals from the 12–month sentence imposed following the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Placencia–Medina asserts that Federal Rule of Criminal Procedure 32.1 and the Due Process clause of the United States Constitution required the district court to engage in a voluntariness-type colloquy before accepting his admission to violating the terms of his supervised release. He is incorrect. This Court has emphasized that "[p]roceedings to revoke supervised release, probation or parole need not comply with the procedural protections constitutionally guaranteed for criminal prosecutions." *United States v. Soto–Olivas,* 44 F.3d 788, 792 (9th Cir.1995). In particular, we have held that admissions made at probation revocation proceedings are not the equivalent of a guilty pleas, which must be voluntary, knowing, and intelligent. *See United States v. Segal,* 549 F.2d 1293, 1296–1301 (9th Cir.1977).

Placencia–Medina also contends that the district court erred by employing the

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

wrong statutory scheme for the revocation sentence. He specifically contends that the district court impermissibly considered "just punishment" as a basis for imposing the supervised release revocation sentence. However, a review of the record discloses that the district court appropriately imposed the sentence based upon the factors listed in 18 U.S.C. § 3583(e), including Placencia–Medina's history and characteristics and his "breach of trust." *See United States v. Simtob,* 485 F.3d 1058, 1062 (9th Cir.2007); *United States v. Miqbel,* 444 F.3d 1173, 1181–82 (9th Cir.2006).

Finally, Placencia–Medina contends that his 12–month sentence, imposed consecutive to the sentence for the underlying offense, was unreasonable and that the district court failed to adequately state the reasons for its sentence. We conclude that the district court considered the appropriate sentencing factors, imposed a sentence that was not unreasonable, and adequately explained its reasons for the sentence. *See* 18 U.S.C. §§ 3553(a), 3583(e); *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007); *Miqbel,* 444 F.3d at 1182.

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.