MEMORANDUM **
William Anthony Digilio appeals from the 25-month sentence and a special condition of supervised release imposed by the district court upon revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Digilio contends that the district court procedurally erred by failing to adequately explain the reasons for imposing a sentence above the range recommended under the Sentencing Commission’s policy statements. However, the record discloses that the district court determined that an above-range sentence was warranted in light of Digilio’s history and characteristics, and the need to afford adequate deterrence, protect the public, and provide correctional treatment. We conclude that the district court sufficiently explained the sentence under the circumstances. See 18 U.S.C. § 3583(e)(3); United States v. Carty, 520 F.3d 984, 992-93 (9th Cir.2008) (en banc).
Digilio further contends that remand is required because it is impossible to determine whether, and to what extent, the district court may have relied upon impermissible factors in selecting the sentence. This contention is belied by the record. The district court explicitly acknowledged the limits upon consideration of the factors at 18 U.S.C. § 3553(a)(2)(A) in sentencing upon revocation of supervised release. See United States v. Simtob, 485 F.3d 1058, 1063 (9th Cir.2007); United States v. Miqbel, 444 F.3d 1173, 1182 (9th Cir.2006).
Finally, we reject Digilio’s challenge to a special condition of supervised release prohibiting him from entering gambling establishments. We conclude that, under the circumstances, the condition is reasonably related to the goals of deterrence, protection of the public, and rehabilitation, and involves no greater deprivation of liberty than reasonably necessary. See United States v. Stoterau, 524 F.3d 988, 1002 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.