**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10451 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-02684-DCB |
| v. | |
| RUBEN ANTHONY GOMEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Timothy M. Burgess, District Judge, Presiding[**]

Submitted August 14, 2013[***]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Ruben Anthony Gomez appeals from the district court's judgment and

challenges the 18-month sentence imposed upon revocation of supervised release.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Timothy M. Burgess, United States District Judge for
the District of Alaska, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gomez contends that the district court procedurally erred by failing to consider all of the 18 U.S.C. § 3583(e) sentencing factors and by failing to explain adequately the reasons for imposing an 18-month sentence. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006), and find none. The record reflects that the district court considered the section 3583(e) sentencing factors, and adequately explained why an above-Guidelines sentence was warranted.

Gomez also contends that the victim who addressed the court at the disposition hearing was only a "secondary victim" of Gomez's underlying offense because he suffered no financial loss, that he should not have been permitted to address the court, and that the government should have disclosed that he suffered no financial loss. These contentions are unavailing. *See* 18 U.S.C. § 3771(a)(4) and (e) (any person directly and proximately harmed by the commission of a federal crime is a crime victim who may address the district court in a supervised release proceeding). Furthermore, the record reflects that the district court was aware that the testifying victim suffered no financial loss.

**AFFIRMED.**