**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50465 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-01067-DSF-2 |
| v. | |
| SEDRICK BAGBY, AKA Charles Warrol, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted December 4, 2013[**]
Pasadena, California

Before: WATFORD and HURWITZ, Circuit Judges, and SMITH, Chief District Judge.[***]

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable William E. Smith, Chief District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

Appellant Sedrick Bagby appeals the 90-month sentence imposed by the district court following his guilty plea to conspiracy to commit bank fraud. Appellant contends that the district court erred by: (1) applying a two-level sentencing enhancement under § 2B1.1(b)(11)(C) of the United States Sentencing Guidelines Manual ("USSG") for use of "means of identification" and (2) applying a two-level sentencing enhancement under USSG § 2B1.1(b)(10)(C) for use of sophisticated means, or, in the alternative, under § 2B1.1(b)(10)(B) for a finding that a substantial part of Appellant's fraudulent scheme was committed outside of the United States. Appellant also contends that the district court erred by failing to give adequate consideration to all of the factors set forth in 18 U.S.C. § 3553(a). We affirm.

We review the district court's interpretation of the sentencing guidelines de novo, the district court's application of the guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error. *United States v. Lambert*, 498 F.3d 963, 966 (9th Cir. 2007).

1. Means of Identification

"If the offense involved . . . the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification . . . increase by 2 levels." USSG § 2B1.1(b)(11) (2013). Application Note 10(C)

provides the following example of conduct to which this enhancement would apply:

> "A defendant obtains an individual's name and address from a source (e.g., from a driver's license in a stolen wallet) and applies for, obtains, and subsequently uses a credit card in that individual's name. In this example, the credit card is the other means of identification that has been obtained unlawfully."

*Id*. § 2B1.1 cmt. n.10(C)(ii)(II). We find that the district court properly applied the enhancement, and note that the circumstances presented in this case nearly mirror those set forth in the above-cited example. In these circumstances, the district court properly applied a two-level enhancement under § 2B1.1(b)(11)(C). *See United States v. Melendrez*, 389 F.3d 829 (9th Cir. 2004) (finding the enhancement applicable where the defendant had used stolen social security numbers to create false forms of identification).

2. Sophisticated Means or Substantial Part Committed Outside the United States

"If . . . (B) a substantial part of a fraudulent scheme was committed from outside the United States; or (C) the offense otherwise involved sophisticated means, increase by 2 levels." USSG § 2B1.1(b)(10). Appellant argues that the enhancement is not applicable under either provision. We find that the district

court properly applied the enhancement under the "substantial part" provision, and therefore decline to consider whether the enhancement would have applied on "sophisticated means" grounds.

The district court reasonably concluded that "substantial" has numerous meanings, including "important, material, of considerable importance, and ample." The district court properly found that a substantial part of the scheme was committed from outside the United States based on the fact that Appellant and his co-conspirators relayed personal identifying information of their victims to an individual in the United Kingdom, who then phoned Chase Bank in order to request the replacement cards. The district court was also presented with evidence of a wire transfer between the United States and the UK.

3.  Assessment of § 3553(a) Factors

We review the sentence imposed by the district court for reasonableness. *United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006). District courts are to provide specific reasons for their sentencing decisions, such that the record on appeal demonstrates explicit or implicit consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mohamed*, 459 F.3d 979, 985 (9th Cir. 2006).

The record indicates that the district court thoughtfully assessed the various § 3553(a) factors and was cognizant of the circumstances particular to this offender and this offense, including Appellant's difficult childhood upbringing, and his multiple prior identity theft convictions. We likewise cannot credit Appellant's argument that his sentence failed to consider the sentence imposed on his co-defendant, Doren Harold Ward, as Mr. Ward was sentenced a full month after Appellant.

**AFFIRMED.**