**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10273 |
| Plaintiff - Appellee, | D.C. No. 3:92-cr-00387-DGC |
| v. | MEMORANDUM[*] |
| EDISON BRADY, a.k.a. Brady Edison, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Ronald S.W. Lew, District Judge, Presiding[**]

Submitted February 18, 2014[***]

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Edison Brady appeals from the 45-month sentence imposed upon revocation

of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ronald S.W. Lew, Senior United States District Judge for the Central District of California, sitting by designation.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

Brady contends that the district court procedurally erred by failing to explain adequately the sentence. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006), and find none. The district court sufficiently explained the sentence. *See United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir. 2000) (finding of danger to community sufficient under 18 U.S.C. § 3553(c)(2)).

Brady next contends that his sentence is substantively unreasonable because it was based primarily upon the need to punish him for his conduct, an impermissible sentencing factor in a supervised release revocation proceeding. The district court did not abuse its discretion in imposing Brady's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record does not support Brady's argument that the district court imposed a 45-month sentence to punish him. The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Brady's dangerousness to the community and repeated violations of supervised release. *See id.*

**AFFIRMED.**