**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30311 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00026-DWM |
| v. |  |
| RICCO LEE BROWN, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Ricco Lee Brown appeals from the district court's judgment and challenges

the 55-month term of supervised released imposed upon revocation of supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Brown contends that the district court imposed a substantively unreasonable

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

sentence because the new supervised release term is greater than necessary to satisfy the goals of sentencing. He argues that the 55-month term is punitive and does not serve the purpose of rehabilitation. We review for abuse of discretion, *see United States v. Collins*, 684 F.3d 873, 887 (9th Cir. 2012), and find none. The supervised release term is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Brown's repeated breaches of the court's trust. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (at a revocation sentencing, the court may sanction the violator for his breach of the court's trust).

**AFFIRMED.**