**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50487 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00072-JAH |
| v. | |
| JOHNNY JOSEPH BONDS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Johnny Joseph Bonds appeals from the district court's judgment and

challenges the 20-month sentence imposed and a special condition of supervised

release reimposed upon revocation of supervised release.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Bonds contends that the district court procedurally erred by improperly considering the need to promote respect for law and the seriousness of the offense conduct. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006), and find none. The record reflects that the district court considered only proper 18 U.S.C. § 3583(e) factors, including Bonds's repeated breaches of the court's trust. *See Miqbel*, 444 F.3d at 1182.

Bonds also contends that the district court erred by reimposing the special condition of supervised release that requires GPS monitoring because it is not reasonably related to the section 3583(d) factors and is a greater deprivation of liberty than reasonably necessary. We review the district court's imposition of a supervised release condition for abuse of discretion. *See United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006). In light of Bonds's criminal history and his repeated failures to comply with the terms of his supervision, the district court did not abuse its discretion by imposing the condition to facilitate his compliance with the other conditions of supervised release. *See id.* at 557-58.

**AFFIRMED.**