
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-30187 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-02074-LRS |
| v. | |
| ABRAHAM SALAMANCA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted May 8, 2017**

Before:     REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Abraham Salamanca appeals from the district court's judgment and

challenges the 30-month term of supervised release imposed upon revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Salamanca contends that his supervised release term is substantively unreasonable in light of his lengthy period of compliance during his prior term of supervised release and because it will not promote his rehabilitation. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The term of supervised release is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Salamanca's repeated violations. *See Gall*, 552 U.S. at 51. Furthermore, contrary to Salamanca's contention, the record reflects that the district court considered only proper sentencing factors. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

**AFFIRMED.**