**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 29 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 15-50455 |
| | 15-50456 |
| Plaintiff-Appellee, | |
| | D.C. Nos. 3:14-cr-01523-BEN |
| v. | 3:10-cr-04723-BEN |
| CARLOS OREGON-MENDOZA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 26, 2017[**]

Before:      SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

In these consolidated appeals, Carlos Oregon-Mendoza appeals his bench-trial conviction and the 64-month sentence imposed for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326, and the 24-month consecutive sentence imposed upon revocation of supervised release.  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Oregon-Mendoza contends that his prior conviction for assault with a deadly weapon under California Penal Code § 245(a)(1) is not a "crime of violence" for purposes of 18 U.S.C. § 16(a) or U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014). He argues that, therefore, the district court erred by denying his motion to dismiss under 8 U.S.C. § 1326(d) and by applying a 16-level enhancement to his offense level. This argument is foreclosed. *See United States v. Grajeda*, 581 F.3d 1186, 1190-91, 1197 (9th Cir. 2009) (violation of section 245(a)(1) "is categorically a crime of violence"). Contrary to Oregon-Mendoza's contention, our decision in *Grajeda* is not "clearly irreconcilable" with *Descamps v. United States*, 133 S. Ct. 2276 (2013). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Oregon-Mendoza next contends that the revocation sentence is substantively unreasonable. The sentence is not an abuse of discretion in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Oregon-Mendoza's breach of the court's trust. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Further, contrary to Oregon-Mendoza's contention, the record reflects that the district court relied on only proper sentencing factors. *See United States v. Miqbel*, 444 F.3d 1173, 1181-82 (9th Cir. 2006).

**AFFIRMED.**