**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50371 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:19-cr-07080-BAS-1 |
| CARLO MANUEL SANTILLA, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cynthia Bashant, District Judge, Presiding

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Carlo Manuel Santilla appeals from the district court's judgment and challenges the 10-month sentence, with no supervised release to follow, imposed upon his third revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Santilla contends that the sentence is substantively unreasonable because it is overly punitive and lacks therapeutic value for his substance abuse issues, and because the termination of supervised release prevents him from accessing residential treatment. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the high end of the Guidelines range and termination of supervised release are substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Santilla's repeated breaches of the court's trust and his unwillingness to comply with the terms of his supervision. *See Gall*, 552 U.S. at 51; *see also United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (breach of trust is a proper consideration at a revocation sentencing). Contrary to Santilla's contention, the district court's decision to terminate supervised release was not illogical.

**AFFIRMED.**