NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10210 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:11-cr-08095-JAT-1 |
| TRAVIS LAFEL ZAH, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted June 2, 2020[**]

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Travis Lafel Zah appeals from the district court's order revoking supervised release and imposing a 24-month sentence, to be followed by 12 months of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and remand in part.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Zah first contends that the district court impermissibly imposed the 24-month sentence, which the court ordered to run consecutively to his state sentence, in order to punish him for the state crime he committed while on supervised release. We review for plain error, *see United States v. Miqbel,* 444 F.3d 1173, 1176 (9th Cir. 2006), and conclude that there is none. The record reflects that the district court properly based the sentence on Zah's poor history on supervision and the close relationship between the original offense and the violation conduct, both of which involved the same victim. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Zah also challenges a special condition of supervised release ("Special Condition 5"), alleging that it impermissibly infringes on his right to associate with his children. Before a district court imposes a supervised release condition that implicates a "particularly significant liberty interest," it must justify the condition by making "special findings on the record supported by evidence in the record." *United States v. Wolf Child*, 699 F.3d 1082, 1087 (9th Cir. 2012). The government concedes, and we agree, that the court did not do so here. However, we disagree with the government that the district court must strike the condition. Given the circumstances of this case, there may be valid reasons to require the probation officer's approval before Zah can contact the children he shared with the victim, or any other member of the victim's family. Thus, we remand for the district court to

2                                                         19-10210

determine whether to strike the condition, modify it to exclude Zah's children, or reimpose it. If the court reimposes the condition, it must explain on the record why the condition is necessary for deterrence, protection of the public, or rehabilitation, and involves no greater deprivation of liberty than reasonably necessary. *See id.*

In light of this disposition, we do not reach Zah's remaining challenges to Special Condition 5.

**AFFIRMED in part; REMANDED in part.**

19-10210