**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30006 |
| Plaintiff-Appellee, | D.C. No. 9:11-cr-00015-DWM-2 |
| v. | |
| DAVID DERRYBERRY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted June 26, 2023[**]

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

David Derryberry appeals from the district court's judgment and challenges

the 12-month sentence imposed upon the fifth revocation of his supervised release.

We have jurisdiction under 28 U.S.C § 1291, and we affirm.

Derryberry contends that his sentence is substantively unreasonable because

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

he was struggling with addiction. He also argues that the district judge may have relied upon the impermissible factor of "just punishment" when imposing a custodial sentence four months longer than the one recommended by the magistrate judge. The district judge, however, expressly noted that just punishment is an improper sentencing consideration on revocation, *see* 18 U.S.C. § 3583(e); *United States v. Miqbel*, 444 F.3d 1173, 1181-82 (9th Cir. 2006), and clarified that he was not relying on that factor. Although the magistrate judge recommended an 8-month term of imprisonment followed by 18 months of supervised release, the record supports the district judge's conclusion that a lengthier custodial term and termination of any further supervision was appropriate. The within-Guidelines sentence is substantively reasonable under the totality of the circumstances and the 18 U.S.C. § 3583(e) factors, including Derryberry's repeated breaches of the court's trust and the risk he poses to the community. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Miqbel*, 444 F.3d at 1182.

**AFFIRMED.**