**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Elton Leander BARNES, Jr.,
Defendant—Appellant.**

**No. 07–50198.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Dec. 3, 2007.

Michael J. Raphael, Esq., Office of the U.S. Attorney, Criminal Division, Darwin Thomas, Esq., Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: FARRIS and PAEZ, Circuit Judges, and BLOCK,* District Judge.

## MEMORANDUM **

Elton Leander Barnes appeals his eighteen-month prison sentence imposed upon revocation of two terms of supervised release.[1] Barnes argues that the district court impermissibly took into account at sentencing "the need for the sentence imposed ... to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir.2007) (holding that factors listed in § 3553(a)(2)(A) are not proper considerations in sentencing upon revocation of supervised release); *see also United States v. Miqbel*, 444 F.3d 1173, 1181–83 (9th Cir.2006).

It appears from the court's comments at sentencing that "a primary basis for [the] sentence was punishment." *Miqbel*, 444 F.3d at 1183. The record at least leaves "the weight that the district court gave ... [to the factors listed in § 3553(a)(2)(A)] unclear." *Simtob*, 485 F.3d at 1063. The district court imposed Barnes' revocation sentence before our decision in *Simtob*, and the record does not reflect that the district court considered our decision in *Miqbel*. We vacate Barnes' sentence and remand for resentencing "in light of the permissible considerations set forth in *Miqbel* and clarified [in *Simtob* ]." *Id.* at 1064.

On remand, the district court should consider Barnes' argument that a sentence of more than one year is unreasonable, given (a) that his grade C violations related primarily to Count 1 of his conviction, and (b) that the maximum sentence for revocation of supervised release on Count 1 was one year. *See* 18 U.S.C. § 3583(e)(3) (providing maximum prison sentence of one year upon revocation of supervised release where "offense that resulted in the term of supervised release" is a class E felony).

---

\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We have jurisdiction to review Barnes' sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

Finally, there is evidence in the record that Barnes was released from prison to a halfway house or community-based treatment program in the spring or summer of 2005. The Probation Office reported Barnes' violations of supervised release in October 2006. On remand, the district court should clarify the relevant dates and determine whether it had jurisdiction to revoke Barnes' supervised release on Count 1 in October 2006, or whether the twelve-month term of supervised release on Count 1 had already expired at that point. *See United States v. Sullivan,* 504 F.3d 969, 970–71 (9th Cir.2007) (term of supervised release commences on transfer from federal prison to "community pre-release center").

VACATED and REMANDED for re-sentencing.

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.