**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Frank Robert WALKLIN,**
**Defendant-Appellant.**

**No. 08-10005.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

Daniel G. Bodgen, Robert L. Ellman, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff-Appellee.

Monique N. Kirtley, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant-Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Frank Robert Walklin appeals from the 24–month sentence imposed following the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291. We review for reasonableness, *see United States v. Simtob,* 485 F.3d 1058, 1061 (9th Cir.2007), and we affirm.

Walklin contends that the district court relied upon impermissible sentencing factors in determining the sentence. Sentencing upon revocation of supervised release is guided by the factors set forth at 18 U.S.C. § 3583(e), which incorporates some of the sentencing factors listed in 18 U.S.C. § 3553(a), but specifically omits § 3553(a)(2)(A), which provides for consideration of the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. *See Simtob,* 485 F.3d at 1062 (citing *United States v. Miqbel,* 444 F.3d 1173, 1181–82 (9th Cir. 2006)). The record shows that the district court based the sentence on the § 3583(e) factors, including the need to protect the public and to afford adequate deterrence. Further, the record shows that the district court properly considered Walklin's prior conduct pursuant to "a full review of [Walkin's] history and the ... likelihood of repeating that history." *See Simtob,* 485 F.3d at 1063. We therefore conclude that

the sentence is reasonable. *See Miqbel,* 444 F.3d at 1182.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

