**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Philmore NECKLACE, Defendant–Appellant.**

No. 08–30068.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 29, 2008.[*]

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Filed Nov. 6, 2008.

Joseph E. Thaggard, Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

David F. Ness, Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Philmore Necklace appeals the 20–month sentence imposed upon a second revocation of supervised release. He contends that the sentence is unreasonable in light of the rehabilitative purposes of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review sentences imposed upon revocation of supervised release for reasonableness. *United States v. Simtob,* 485 F.3d 1058, 1061 (9th Cir.2007). In imposing such a sentence, the district court must consider the factors listed in 18 U.S.C. § 3583(e). *Id.* at 1062. These factors include the defendant's history and characteristics. 18 U.S.C. §§ 3553(a)(1), 3583(e). The district court may sanction a defendant for his "breach of trust" in violating supervised release. *United States v. Miqbel,* 444 F.3d 1173, 1182 (9th Cir.2006).

We reject the government's contention that we must review the sentence only for plain error because Necklace presented his argument before the district court. *See United States v. Dallman,* 533 F.3d 755, 762 (9th Cir.2008).

Necklace contends that the district court abused its discretion in imposing a 20–month sentence when the sentencing

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

range suggested by U.S.S.G. § 7B1.4(a), p.s., was 4 to 10 months imprisonment. He argues that his violation of a supervised release condition requiring him to reside in a prerelease center was due to his inability to keep a job and to meet other of life's responsibilities, and that this inability is due to his personal history in Native American society. *See United States v. Bad Marriage*, 392 F.3d 1103, 1115 (9th Cir.2004) (stating that federal courts must be "keenly aware of the underlying social problems facing ... Native American offenders ... and of the need of many of these defendants for rehabilitation"). Necklace argues that a 20–month term of imprisonment will not rehabilitate him, nor will it protect the public or afford adequate deterrence.

The district court abused its discretion in concluding that, given Necklace's history and characteristics, supervised release could not help him, and a 20–month sentence was reasonable. *See Simtob*, 485 F.3d at 1061–62. We reverse the district court's judgment and remand for further proceedings. On remand, the case shall be reassigned to a different district judge. *See United States v. Waknine*, 543 F.3d 546, 559–60 (9th Cir.2008).

**REVERSED and REMANDED.**