UNITED STATES of America,
Plaintiff—Appellee,

v.

Dushone Lamont BROYLES,
Defendant—Appellant.

No. 07–10483.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2009.

Filed Jan. 21, 2009.

Randall M. Howe, Esquire, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Daniel L. Kaplan, Assistant Federal Public Defender, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: THOMAS and PAEZ, Circuit Judges, and EZRA,* District Judge.

MEMORANDUM **

Dushone Lamont Broyles appeals from the 36–month sentence imposed for revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Broyles contends that the reasons the court offered for imposing the sentence were not sufficiently compelling to justify the substantial deviation from the Sentencing Commission's recommended sentencing range of 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). Broyles concedes that the district court adequately explained the basis for the sentence, as is required by *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); the court therefore did not commit any procedural error. *Id.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Broyles's argument is better understood as a challenge to the substantive reasonableness of his sentence. *See Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 576, 169 L.Ed.2d 481 (2007). Although the 36–month sentence represents a significant departure from the recommended sentence range, we cannot say that the district court abused its discretion on the record here. In revocation proceedings, the Sentencing Commission recommends that courts "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A(3)(b); *see also United States v. Miqbel,* 444 F.3d 1173, 1182 (9th Cir.2006); *United States v. Simtob,* 485 F.3d 1058, 1062 (9th Cir.2007). Here, Broyles admitted to two drug law violations during his supervised release, as well as two violations of the terms of his release. In explaining its imposition of a lengthy sentence, the court emphasized the severity of the breach of the trust, noting Broyles's "unwillingness" to comply with the terms of release, as well as his continuing involvement with the "criminal element" and his substance abuse problems. Given this record, we conclude that the sentence imposed was not unreasonable.

AFFIRMED.