**NOT FOR PUBLICATION**

MAR 02 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>   v.<br><br>JEFFREY SEAN MITCHELL,<br><br>        Defendant - Appellant. | No. 09-50412<br><br>D.C. No. 2:09-cr-00280-JFW<br><br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Jeffrey Sean Mitchell appeals from the nine-month sentence imposed upon

revocation of supervised release.  We have jurisdiction pursuant to 28 U.S.C.

§ 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NC/Research

Mitchell contends that the district court impermissibly based the sentence upon the fact that his case had been transferred from another district and the limited resources of the probation office. This contention is belied by the record, which reflects that the district court considered the appropriate factors under 18 U.S.C. § 3583(e) at sentencing, including Mitchell's record of repeatedly violating conditions of supervised release. *See United States v. Miqbel*, 444 F.3d 1173, 1181-82 (9th Cir. 2006) (identifying the statutory factors a district court may consider when imposing a sentence upon revocation of supervised release).

Mitchell next contends that the district court procedurally erred by failing to address his nonfrivolous arguments for imposing a lower sentence. The record reflects that the district court listened to Mitchell's arguments, considered the evidence, and did not otherwise procedurally err when imposing the sentence within the advisory guidelines range. *See Rita v. United States*, 551 U.S. 338, 357-58 (2007).

Finally, Mitchell contends that the sentence imposed is substantively unreasonable. In light of the totality of the circumstances, the sentence is reasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); *see also* U.S.S.G. § 1B1.10, cmt. nn.3-4 (2008).

**AFFIRMED.**