**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50174 |
| Plaintiff - Appellee, | D.C. No. 3:04-cr-02943-RTB |
| v. | |
| SANDY JOHANNA RAMIREZ-KROTKY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Sandy Johanna Ramirez-Krotky appeals from the 24-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Ramirez-Krotky contends that the district court procedurally erred by failing to: (1) calculate the advisory Guidelines range at the beginning of the sentencing hearing; (2) expressly consider the relevant factors set forth in 18 U.S.C. § 3553 and 18 U.S.C § 3583(e); and (3) explain the reasons for the sentence imposed. The record reflects that the district court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 991-95 (9th Cir. 2008) (en banc).

Ramirez-Krotky also contends that the district court abused its discretion in considering certain factors not contemplated by section 3583(e) in imposing the sentence upon revocation of supervised release. The record does not reflect that the court considered such factors.

Ramirez-Krotky last contends that her statutory maximum sentence is substantively unreasonable. The sentence was reasonable in light of the court's emphasis on the need for deterrence and Ramirez-Krotky's continued breach of trust. *See* U.S.S.G. Ch.7, Pt. A(3)(b); *see also United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) ("[A]t a revocation sentencing, the court may appropriately sanction a violator for his breach of trust[.]") (internal quotations omitted).

**AFFIRMED.**

10-50174