**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

<table>
<tr><td>

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

v.

KATHERINE MARIE GABLE,

           Defendant - Appellant.

</td><td>

No. 10-30147

D.C. No. 6:03-cr-00016-DWM-1

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted January 13, 2011[**]
Seattle, Washington

Before: GRABER and M. SMITH, Circuit Judges, and BREYER,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Charles R. Breyer, District Judge for the U.S. District Court for Northern California, San Francisco, sitting by designation.

Katherine Marie Gable appeals the district court's revocation of her supervised release and imposition of a fourteen-month sentence. Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision. We affirm.

Admission of hearsay evidence during the revocation hearing did not violate Gable's Fifth Amendment right to confrontation because the evidence was sufficiently reliable. *See United States v. Simmons*, 812 F.2d 561, 564 (9th Cir. 1987); *see also United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). Moreover, any error was harmless, because Gable challenges only evidence relevant to the fifth supervised release violation, and the district court stated that it would have revoked her release even if the fifth violation had not been considered.

The district court did not err in concluding that Gable had committed a new crime. A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Here, there was sufficient evidence to prove by a preponderance of the evidence that Gable had committed a new state-law crime in violation of the terms of her supervised release.

Nor did the district court improperly rely on punishment during sentencing. Taken in context, the court's reference to "punishment" properly concerned

2

sanctions for Gable's supervised release violations, not for the underlying state-law crime. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

Finally, Gable's sentence was not substantively unreasonable considering the totality of the circumstances, *see United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), because Gable's supervised release had been revoked three times and her new violations commenced almost immediately after her release from prison.

**AFFIRMED.**