**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50297 |
| Plaintiff - Appellee, | D.C. No. 3:04-cr-01994-LAB |
| v. | |
| DAVID MURILLO-BETANCOURT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

David Murillo-Betancourt appeals from the 24-month sentence imposed

upon revocation of supervised release. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Murillo-Betancourt contends that the district court procedurally erred by failing to expressly calculate the applicable Guidelines range, and by failing to keep the Guidelines range "in mind" during sentencing. We review for plain error, *see United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008), and find none. The record reflects that the district court relied on the correct Guidelines range, and intended to sentence Murillo-Betancourt at the high end of that range.

Murillo-Betancourt also contends that his sentence is substantively unreasonable. Contrary to Murillo-Betancourt's contention, the record demonstrates that the district court considered his mitigation arguments and did not rely on any perceived sentencing leniency "as a primary basis for [the] revocation sentence." *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006). Moreover, the sentence was reasonable in light of the court's emphasis on the need for deterrence and Murillo-Betancourt's continued breach of trust. *See* U.S.S.G. Ch.7, Pt. A(3)(b); *Miqbel*, 444 F.3d at 1182 ("[A]t a revocation sentencing, the court may appropriately sanction a violator for his breach of trust[.]") (internal quotations omitted).

**AFFIRMED.**