**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10589 |
| Plaintiff - Appellee, | D.C. No. 2:06-CR-00283-JCC |
| v. | |
| JOHN MARVIN BALLARD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John C. Coughenour, District Judge, Presiding

Submitted December 19, 2011[**]

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

John Marvin Ballard appeals from the 60-month sentence imposed on
remand for resentencing following his jury-trial conviction for scheming to conceal
a material fact, in violation of 18 U.S.C. § 1001(a)(1). We have jurisdiction under
28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Contrary to the government's contention, Ballard's release from custody on October 14, 2010, does not render this appeal moot because he remains on supervised release. *See United States v. Verdin*, 243 F.3d 1174, 1178 (9th Cir. 2001) (appeal not moot because "success for [Ballard] could alter the supervised release portion of his sentence") (internal quotation marks and citation omitted).

Ballard contends that the district court failed to comply with 18 U.S.C. § 3553(c), which requires the court to state in open court its reasons for imposing a particular sentence. Because Ballard did not object to the court's statement of reasons at sentencing, this contention is reviewed for plain error. *See United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006). Ballard has not demonstrated the denial of his substantial rights, given the district court's lengthy explanation for the sentence in its written order. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993).

Ballard also contends that his statutory maximum sentence is substantively unreasonable. The sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, in particular the need to protect the public. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**