**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50482 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-07029-WQH |
| v. | |
| J. JESUS VEGA-ARROYO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted December 19, 2012[**]

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

J. Jesus Vega-Arroyo appeals from the district court's judgment and

challenges the consecutive eight-month sentence imposed upon revocation of

supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Vega-Arroyo contends that the district court plainly erred by failing to discuss the 18 U.S.C. § 3583(e) sentencing factors. The district court did not err, because it was not required to "tick off" all of the relevant sentencing factors, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc), and the record reflects that the court considered the relevant section 3583(e) sentencing factors. *See* 18 U.S.C. § 3583(e).

Vega-Arroyo also contends that the district court plainly erred by punishing him for the criminal conduct that resulted in the revocation of his supervised release. The record reflects that the district court properly sanctioned Vega-Arroyo for his breach of trust, and not for the criminal conduct underlying the revocation. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

**AFFIRMED.**