**NOT FOR PUBLICATION**

DEC 06 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 12-10498 |
| Plaintiff - Appellee, | 12-10509 |
| v. | D.C. Nos. 4:11-cr-02342-DCB |
| | 4:11-cr-50240-DCB |
| JOSE GUADALUPE VASQUEZ-CORRALES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

In these consolidated appeals, Jose Guadalupe Vasquez-Corrales appeals

from the 63-month sentence imposed following his guilty-plea conviction for

reentry after deportation, in violation of 8 U.S.C. § 1326; and the eight-month

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In Appeal No. 12-10498, Vasquez-Corrales contends that the district court procedurally erred by concluding that it could not impose a below-Guidelines sentence in the absence of a plea agreement. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court stated that it was aware of its authority to impose a below-Guidelines sentence, but that it would not do so.

In Appeal No. 12-10509, Vasquez-Corrales contends that the district court improperly punished him for his underlying criminal conduct in imposing the revocation sentence. Contrary to the government's argument, the appeal waiver in the partes' agreement does not bar this claim because the district court advised Vasquez-Corrales without qualification at the sentencing hearing that he had the right to appeal. *See United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009). Nevertheless, Vasquez-Corrales's claim fails. The district court did not plainly err because the record reflects that the district court properly sanctioned Vasquez-Corrales for his breach of the court's trust. *See United States v. Miqbel*, 444 F.3d 1173, 1176, 1182 (9th Cir. 2006).

**AFFIRMED.**