**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10116 |
| Plaintiff - Appellee, | D.C. No. 1:04-cr-05212-LJO |
| v. | |
| DOMINIC FREDDIE BELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Dominic Freddie Bell appeals from the district court's judgment and

challenges the 36-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bell contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3583(e) sentencing factors, instead basing the sentence exclusively on a promise made to him by the court at an earlier sentencing hearing. He also argues that the district court erred by failing to explain the extent of its upward variance from the Guidelines range except by reference to that promise. Because Bell preserved these challenges, we review de novo. *See United States v. Grissom*, 525 F.3d 691, 695-96 (9th Cir. 2008). Contrary to Bell's argument, the record reflects that the district court considered the parties' sentencing submissions and the statutory sentencing factors in imposing sentence. The court imposed sentence on the basis of Bell's breach of the court's trust, a permissible sentencing factor, and its explanation of the sentence was legally sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them."); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (at a revocation sentencing, the court may sanction the violator for his breach of trust).

Bell next contends that the sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Bell's sentence. *See Carty*, 520 F.3d at 993. The sentence is substantively reasonable in light of the section

3583(e) sentencing factors and the totality of circumstances.  *See Carty*, 520 F.3d at 993.

Bell's request for judicial notice is denied.

**AFFIRMED.**