**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10383 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00104-RCJ |
| v. | |
| LEAJON RAYMOND ISAACS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 10, 2015[**]

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Leajon Raymond Isaacs appeals from the district court's judgment and challenges the 36-month custodial sentence and lifetime term of supervised release imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Isaacs contends that the district court procedurally erred by failing to explain adequately its sentence, and by considering improper sentencing factors and unsupported facts. We disagree. The record reflects that the district court adequately explained the basis for the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the record reflects that the district court considered only proper sentencing factors and did not rely on unsupported neurological theories. *See* 18 U.S.C. § 3583(e); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

Isaacs further contends that his sentence is substantively unreasonable in light of mitigating factors. The district court did not abuse its discretion in imposing Isaacs's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances, including Isaacs's criminal history and the need to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

14-10383