**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 26 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50005 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00429-DSF |
| v. | |
| JULIO AMILCAR CASTELLANOS-SALAMANCA, a.k.a. Julio Castellanos, a.k.a. Julio Anilber Castellanos, a.k.a. Criseldo Lopez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Julio Amilcar Castellanos-Salamanca appeals from the district court's

judgment and challenges the 14-month custodial sentence and 22-month term of

supervised release imposed upon revocation of supervised release.   We have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Castellanos-Salamanca contends that the district court procedurally erred in several ways. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006), and find none. Contrary to Castellanos-Salamanca's contention, the record reflects that the court properly used the advisory Guidelines range as an initial benchmark for the custodial sentence and kept the range in mind throughout the sentencing process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). To the extent that the court failed to explicitly calculate the advisory Guidelines range for the term of supervised release, Castellanos-Salamanca has not shown a reasonable probability that he would have received a different sentence absent the alleged error. *See United States v. Christensen*, 732 F.3d 1094, 1101-02 (9th Cir. 2013). The record further reflects that the court applied the correct sentencing standard, properly considered the 18 U.S.C. § 3583(e) sentencing factors, did not consider any improper sentencing factors, and sufficiently explained its reasons for imposing the sentence. *See Carty*, 520 F.3d at 991-92. Finally, we reject Castellanos-Salamanca's contention that the court erred by relying on the probation officer's statements regarding his criminal history because, insofar as the court considered those statements,

Castellanos-Salamanca has not shown that they were clearly erroneous. *See Christensen*, 732 F.3d at 1103.

Castellanos-Salamanca next contends that his sentence is substantively unreasonable in light of the alleged procedural errors, the nature of his violation, and the mitigating circumstances. The district court did not abuse its discretion in imposing Castellanos-Salamanca's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The custodial sentence and term of supervised release are substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances, including Castellanos-Salamanca's significant criminal history, his breach of the court's trust, and the need to protect the public. *See Gall*, 552 U.S. at 51; *see also* U.S.S.G. § 5D1.1 cmt. n.5.

**AFFIRMED.**