**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>KONSTANTY BOYES,<br><br>Defendant - Appellant. | No. 15-10467<br><br>D.C. No. 2:05-cr-00020-GEB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Konstanty Boyes appeals from the district court's judgment and challenges

the 24-month sentence imposed upon his third revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Boyes contends that the sentence is substantively unreasonable in light of his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.    *See* Fed. R. App. P. 34(a)(2).

circumstances. The district court did not abuse its discretion in imposing the above-Guidelines sentence, which is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Boyes also contends that the district court procedurally erred by failing to explain the sentence adequately. He points out that the district court failed to state its reasons for the above-Guidelines sentence in a written statement of reasons form, as required by section 3553(c)(2). The record reflects that the district court sufficiently explained its reasons for imposing the sentence when it orally pronounced the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Because those reasons are on the record and we have not determined that the sentence is too high, we may affirm the sentence notwithstanding the lack of a statement of reasons form. *See United States v. Daychild,* 357 F.3d 1082, 1108 (9th Cir. 2004); *see also* 18 U.S.C. § 3742(f). Moreover, contrary to Boyes's contention, the record reflects that the court considered only proper sentencing factors. *See United States v. Miqbel*, 444 F.3d 1173, 1181-82 (9th Cir. 2006).

**AFFIRMED.**

15-10467