**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30107 |
| Plaintiff - Appellee, | D.C. No. 1:14-cr-02031-TOR |
| v. | |
| VICENTE ZUNIGA-TORRES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Vicente Zuniga-Torres appeals from the district court's judgment and

challenges the 18-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Zuniga-Torres contends that the district court procedurally erred by failing

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

to respond to his sentencing arguments and by failing to explain adequately the sentence and why it was imposed to run consecutively to the sentence imposed for Zuniga-Torres's new criminal conviction. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006), and find none. The record reflects that the district court considered Zuniga-Torres's arguments and sufficiently explained its reasons for the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Zuniga-Torres next contends that his sentence is substantively unreasonable in light of the alleged procedural errors and the mitigating circumstances. The district court did not abuse its discretion in imposing Zuniga-Torres's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Zuniga-Torres's immigration history and his significant breach of the court's trust. *See Gall*, 552 U.S. at 51; *see also Miqbel*, 444 F.3d at 1182 (breach of trust is an appropriate consideration at a revocation sentencing).

**AFFIRMED.**

15-30107