**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>GUY ERIC WALDRON,<br><br>Defendant-Appellant. | No.   17-30072<br><br>D.C. No. 2:11-cr-00018-DWM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Guy Eric Waldron appeals from the district court's judgment and challenges

the 24-month sentence imposed upon revocation of supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Waldron contends that his sentence is substantively unreasonable because

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the district court improperly assessed Waldron's risk to the public. We review for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Although the 24-month sentence represents an upward variance from the Guidelines range, we cannot say that the district court abused its discretion. This sentence is substantively reasonable in light of Waldron's criminal history and breach of trust, including his repeated supervised release violations. *See* 18 U.S.C § 3583(e); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (at a revocation sentencing, the district court may sanction the defendant for breaching the court's trust by failing to abide by the conditions of supervision).

   **AFFIRMED.**