**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10522 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00073-GMN |
| v. | |
| GREGORY WALKER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted May 15, 2018[**]

Before:   SILVERMAN, BEA, and WATFORD, Circuit Judges.

Gregory Walker appeals from the district court's judgment and challenges

the 11-month sentence and two special conditions of supervised release imposed

upon revocation of supervised release.   We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm as to the custodial sentence but remand as to the supervised

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

release conditions.

Walker contends that the district court procedurally erred by relying on inapplicable statutory factors – deterrence and protection of the public – and by relying on the erroneous findings that Walker had committed a crime under supervision, that he was in a halfway house during his supervision, and that the halfway house helped or could have helped him obtain photo identification. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. Walker mischaracterizes the district court's remarks at sentencing. The record shows that the district court did not believe that Walker had been residing in a halfway house that could have helped him obtain identification, or that he committed a crime while on supervised release. Moreover, the district court did not plainly err by invoking the need to deter future criminal conduct and protect the public. *See* 18 U.S.C. §§ 3553(a)(2)(B), (C), 3583(e); *United States v. Miqbel*, 444 F.3d 1173, 1181 & n.19 (9th Cir. 2006).

Walker also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Walker's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

17-10522

Finally, Walker contends that the written judgment is in conflict with the court's oral pronouncement of two special conditions of supervised release. The government concedes, and we agree, that special condition number one in the written judgment, regarding substance abuse treatment, directly conflicts with the court's oral pronouncement, which made clear that Walker should undergo substance abuse treatment only if he were first evaluated and determined to need such treatment. We, therefore, remand for the district court to conform the judgment with the oral pronouncement of that condition. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993). With respect to special condition number two, on remand, the district court shall clarify whether it intended that Walker be evaluated to determine if he requires mental health treatment before he is required to participate in such treatment. If the court intended to require evaluation before treatment, it shall modify condition number two of the written judgment to reflect that requirement.

**AFFIRMED; REMANDED with instructions.**