**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10376 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00140-APG |
| v. | |
| ADAM MICHAEL HARRIS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Adam Michael Harris appeals from the district court's judgment and

challenges the 13-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Harris contends that the district court procedurally erred by failing to explain

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the sentence adequately. He also argues that the court's remarks concerning specific deterrence and the need to keep him away from drugs reflect that the court made clearly erroneous findings that the instant revocation involved drug use and new crimes. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court adequately explained why the above-Guidelines sentence was warranted, citing Harris's long record of resistance to supervision and breaches of the court's trust, as documented in four prior hearings stemming from violations of his supervisory conditions. Furthermore, the record does not support Harris's argument that the court misunderstood the nature of his supervised release violations. In light of Harris's history, the court reasonably observed that a prison term would have the salutary effect of keeping Harris away from alcohol and drugs for a period of time. In addition, it did not plainly err by invoking the need for deterrence. *See* 18 U.S.C. §§ 3553(a)(2)(B), 3583(e); *United States v. Miqbel*, 444 F.3d 1173, 1181 & n.19 (9th Cir. 2006).

Harris also contends that his above-Guidelines sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Harris's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Harris's extensive record of violating his

17-10376

conditions of supervised release. *See Miqbel*, 444 F.3d at 1182 (defendant's breach of the court's trust is an appropriate sentencing consideration at a revocation sentencing).

**AFFIRMED.**