**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10352 |
| Plaintiff-Appellee, | D.C. No. 1:10-cr-00023-SOM |
| v. | |
| ANTHONY T. FULLER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted July 10, 2018[**]

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Anthony T. Fuller appeals from the district court's judgment and challenges

the 26-month sentence imposed upon revocation of supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fuller first contends that the district court procedurally erred by failing to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

explain the sentence adequately. We review for plain error, *see United States v. Miqbel*, 444 F. 3d 1173, 1176 (9th Cir. 2006), and conclude that there is none. The court thoroughly explained its reasons for the sentence on two occasions. Contrary to Fuller's suggestion, the court was not required to mention each of the 18 U.S.C. § 3583(e) factors to show that it had considered them. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Fuller next contends that his sentence is substantively unreasonable. He argues that the 26-month sentence is longer than necessary and that the district court imposed the sentence solely to promote respect for the law, an impermissible sentencing factor in a supervised release proceeding. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record shows that the court did not base the sentence on improper considerations, but rather properly considered Fuller's poor attitude on supervision, as well as the frequency of his supervised release revocations and the length of his prior sentences. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (the violator's history and the extent of his breach of the court's trust are appropriate considerations at a revocation sentencing). The above-Guidelines sentence is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances. Fuller's constitutional claims concerning the length of his sentence also fail. *See United States v. Williams*, 636

2 17-10352

F.3d 1229, 1232 (9th Cir. 2011) (sentence is unconstitutional if it is "grossly disproportionate" to the crime).

**AFFIRMED.**

17-10352