**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10017 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-08238-SPL |
| v. | |
| AUDREY SHANNON JAMES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 15, 2018[**]

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Audrey Shannon James appeals the 24-month, statutory maximum sentence imposed upon revocation of her supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

James argues that the district court erred by failing to provide "specific

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, James's motion to expedite the calendaring of oral argument is denied as moot.

reasons" for her above-Guidelines sentence.  Because James did not raise this objection in the district court, we review for plain error.  *See United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006).  All parties agreed and recommended to the district court that an above-Guidelines terminal disposition was warranted given James's history and difficulty complying with supervision.  It is clear from the record that the court was persuaded by the probation officer's reasons for imposing a 24-month sentence and adopted those reasons.  *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).  The district court did not plainly err by failing to provide a fuller explanation for the sentence under the circumstances.  *See United States v. Carr*, 761 F.3d 1068, 1083 (9th Cir. 2014).

James also contends that the sentence is substantively unreasonable.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The 24-month sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including James's history on supervision.  *See Gall* 552 U.S. at 51.

**AFFIRMED.**