NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CLIFFORD BRIGHAM, a.k.a. Cleburne Brigham, a.k.a. Clifford J. Brigham,

Defendant-Appellant.

Nos. 18-10132
         18-10138

D.C. Nos. 1:17-cr-00308-LJO
                1:17-cr-00309-LJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted January 15, 2019[**]

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

In these consolidated appeals, Clifford Brigham appeals the 36-month and

24-month consecutive sentences imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Brigham first contends that the district court procedurally erred by relying

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

on a prohibited sentencing consideration—the need to punish—in imposing the statutory maximum sentence in each case. He also contends that the district court failed to explain the sentences adequately. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006), and conclude that there is none. The record demonstrates that the district court imposed the sentences after considering Brigham's history and characteristics and not to punish Brigham. *See* 18 U.S.C. § 3583(e). Moreover, the district court adequately explained its reasons for imposing above-Guidelines sentences. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Brigham next contends that the sentences are substantively unreasonable in light of his age and health. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Brigham's sentences are substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Brigham's history and breach of the court's trust. *See Gall*, 552 U.S. at 51; *Miqbel*, 444 F.3d at 1182.

**AFFIRMED.**