**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-30113 |
| Plaintiff-Appellee, | D.C. No. 2:04-cr-06045-EFS-1 |
| v. | |
| JARED RYAN MARCUM, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-30116 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-06031-EFS-1 |
| v. | |
| JARED RYAN MARCUM, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted November 5, 2019
Seattle, Washington

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  GOULD and NGUYEN, Circuit Judges, and R. COLLINS,** District Judge.

Defendant-Appellant Jared Marcum appeals the district court's rulings denying his motion to suppress evidence seized from the car in which he was a passenger; denying his motion to dismiss his indictment based on alleged prosecutorial misconduct during the grand jury proceedings; denying his motion *in limine* to prevent the admission of evidence from a prior narcotics and firearm arrest; and granting the government's motion to shackle him during the court proceedings.  Marcum also raises on appeal whether his 24-month sentence for violating the conditions of his supervised release was substantively reasonable and whether his conviction for being a felon in possession of a firearm is constitutional under *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  We discuss Marcum's primary contentions in turn.

We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

**1.**     Marcum challenges the district court's denial of his motion to suppress the drug and firearm evidence that police seized from Jazmin Torres's car during an inventory search.  We review a district court's denial of a motion to

---

**       The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

suppress *de novo*, but we review the underlying factual findings for clear error. *United States v. Perea-Rey*, 680 F.3d 1179, 1183 (9th Cir. 2012). Marcum does not have standing to challenge the search because, as a passenger in Torres's car, he had neither a possessory interest nor a reasonable expectation of privacy in the car. *See United States v. Pulliam*, 405 F.3d 782, 786 (9th Cir. 2005).

Marcum does, however, have standing to challenge the initial stop. *See United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir. 2000). To make an investigatory traffic stop, the police must have a "reasonable suspicion" that an occupant of the car is engaged in criminal activity. *United States v. Lopez-Soto*, 205 F.3d 1101, 1104–05 (9th Cir. 2000). Here, the officers had such a reasonable suspicion because they knew Torres, the car's registered owner, had an outstanding arrest warrant. It is reasonable to infer that a car's registered owner will be driving or riding in the car, absent evidence showing otherwise. Here, the officers did not have any evidence that suggested Torres was not in the car, and they could not see the driver clearly through the car's tinted windows. In these circumstances, the officers had a reasonable suspicion to justify the stop, and the stop did not violate Marcum's Fourth Amendment rights. We affirm the district court's denial of Marcum's motion to suppress.

2. Marcum challenges the district court's denial of his motion to dismiss his grand jury indictment. We review constitutional challenges to a district court's

3

denial of a motion to dismiss *de novo*, and we review challenges to indictments based on a court's supervisory powers for abuse of discretion. *United States v. Fernandez*, 388 F.3d 1199, 1238 (9th Cir. 2004). Marcum did not show outrageous government conduct that violated fundamental fairness and shocked the general conscience, which was necessary to support his due process claim. *Id.* at 1238–39. He similarly did not show flagrant prosecutorial misconduct or even a possibility that the discrepancy in the listed cross streets of the stop and search had a significant influence on the grand jury's decision to indict him. *See id.* at 1239. We affirm the district court's denial of Marcum's motion to dismiss his indictment.

3. Marcum challenges the district court's denial in part of his motion *in limine* to prevent the admission of evidence of his prior narcotics and firearm arrest. We review a district court's evidentiary ruling for abuse of discretion. *United States v. Fries*, 781 F.3d 1137, 1146 (9th Cir. 2015). The district court did not abuse its discretion by admitting in part the evidence of Marcum's arrest as evidence of his motive and intent under Federal Rule of Evidence 404(b). The district court found that the prior arrest was close in time and factually similar to the charged offense, and that it tended to prove a material point. *See United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004). The district court properly weighed the probative value of the evidence against its prejudicial impact under Federal Rule of Evidence 403 and found that the probative value was not

substantially outweighed by any prejudicial impact. *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002). Those rulings accorded with settled law. We affirm the district court's denial in part of Marcum's motion *in limine*.

4.      Marcum challenges the district court's grant of the government's motion to shackle him during the court proceedings. We review a district court's decision to shackle a defendant for abuse of discretion. *United States v. Fernandez*, 388 F.3d 1199, 1245 (9th Cir. 2004). The district court appropriately relied on the U.S. Marshals Service's recommendation that Marcum's out-of-court behavior and heightened danger and flight risk created an "essential state interest" in shackling Marcum with a single ankle restraint. *See Deck v. Missouri*, 544 U.S. 622, 628–29 (2005) (quoting *Holbrook v. Flynn*, 475 U.S. 560, 569 (1986)). Importantly, the district court took special precautions to ensure that the jury would neither see nor hear the ankle restraint. In these circumstances, we conclude that the shackling did not prejudice Marcum's right to a fair trial. *Williams v. Woodford*, 384 F.3d 567, 592–93 (9th Cir. 2004). We affirm the district court's grant of the government's motion to shackle Marcum during the court proceedings.

5.      Next, Marcum claims on appeal that his 24-month sentence for violating the conditions of his prior supervised release is substantively unreasonable. We review a district court's sentence under a reasonableness standard. *United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006).

The district court sentenced Marcum to 24 months imprisonment for violating the terms of his supervised release. This sentence is below the Sentencing Commission range and under the statutory cap, and the district court chose to make the sentence concurrent with Marcum's 300-month sentence for the indicted offenses, despite the probation officer's recommendation that the sentences run consecutively. The district court had more than a sound basis to sentence Marcum for violating the terms of his prior supervised release, especially when the supervised release was related to a conviction for an offense similar to that for which he was convicted in this case. We see no basis on which to consider this 24-month sentence to be substantively unreasonable. *See United States v. Gonzalez*, 906 F.3d 784, 800 (9th Cir. 2018) ("[A] below-Guidelines sentence . . . will rarely be substantively unreasonable."). We affirm Marcum's sentence for violating his supervised release against this challenge.

6. Marcum also claims on appeal that his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is unconstitutional because of the intervening Supreme Court decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We review this claim for plain error. *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019).

The district court clearly erred under *Rehaif* by not instructing the jury that it had to find that the government proved beyond a reasonable doubt that Marcum

6

knew he was a felon at the time of the search. *Benamor*, 937 F.3d at 1188.

Marcum, however, cannot show that, "but for the error, the outcome of the proceeding would have been different." *Id.* at 1189. At the time of the search, Marcum was subject to the conditions of his supervised release from past felony convictions, including a conviction for being a felon in possession of a firearm. There is no reasonable doubt that Marcum knew he was a felon at the time of the search. *Id.* Any failure to instruct the jury did not affect Marcum's substantial rights or "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Atkinson*, 297 U.S. 157, 160 (1936); *see also United States v. Olano*, 507 U.S. 725, 732 (1993). We affirm Marcum's conviction, rejecting his claim that his felon-in-possession conviction is unconstitutional.


AFFIRMED.