**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50014 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00964-ODW-2 |
| v. | |
| VINCENT NATHANIEL BELTRAN, AKA Smalls, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted August 5, 2020[**]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Vincent Nathaniel Beltran appeals from the district court's judgment and

challenges the 12-month sentence imposed upon the second revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm the

sentence but remand for the district court to correct a clerical error in the written

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment.

Beltran first contends that the district court procedurally erred by imposing a sentence based on clearly erroneous facts. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record does not support Beltran's contention that the district court relied on any clearly erroneous facts. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

Beltran next contends that the sentence is substantively unreasonable because it does not adequately reflect his mitigating circumstances, including his personal history and background. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Beltran's breach of the court's trust and his unwillingness to comply with the terms of supervision despite multiple chances from the court. *See Gall*, 552 U.S. at 51; *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (at a revocation sentencing, it is appropriate for the court to sanction a defendant's breach of the court's trust).

The parties agree, and the record shows, that the written judgment contains a clerical error. At the sentencing hearing, the district court sentenced Beltran to 12

months of incarceration with no supervision to follow.  The written judgment, however, states that Beltran is sentenced to 12 months "with the supervision to follow."  We remand to the district court to enter a corrected written judgment consistent with the court's oral pronouncement of sentence.  *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) (remand for correction of the written judgment is warranted when it conflicts with the oral pronouncement of sentence because the oral pronouncement controls).

**AFFIRMED; REMANDED** to correct the judgment.