**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10016 |
| Plaintiff-Appellee, | D.C. No. 3:09-cr-08149-MTL-1 |
| v. | |
| ROBINSON CLAUSCHEE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Robinson Clauschee appeals from the district court's order and challenges

the 16-month sentence imposed upon his sixth revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Clauschee contends that the district court erred by converting his unserved

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

180-day period of community confinement at a residential reentry center ("RRC") to an equivalent length of imprisonment under U.S.S.G. § 7B1.3(d). We need not resolve the parties' dispute regarding the applicable standard of review because this claim fails under any standard of review. Clauschee contends that application of § 7B1.3(d) was improper because the RRC condition was not imposed in his underlying judgment of conviction and it lacks a "connection" to the offense conduct that formed the basis of that conviction. This argument is unpersuasive.

The district court imposed the condition that Clauschee reside at an RRC for 180 days as part of the sentence for Clauschee's fifth revocation of supervised release. It is undisputed that Clauschee never reported to the RRC and that his term of supervision was revoked on this basis in the instant case. On this record, we conclude that the RRC condition was "imposed in connection with the sentence for which revocation was ordered," and the district court, therefore, properly adjusted the sentence to account for Clauschee's unserved period of community confinement. *See* U.S.S.G. § 7B1.3(d).

Clauschee also contends that the court failed to explain its reasons for imposing the sentence. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006), and conclude there is none. The record reflects that the district court considered the 18 U.S.C § 3583(e) factors and the parties' arguments and, given the record as a whole, provided a sufficient explanation. *See*

*United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).  Moreover, the sentence is substantively reasonable in light of the § 3583(e) factors and the totality of the circumstances, including Clauschee's numerous breaches of the court's trust. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**