**NOT FOR PUBLICATION**

FILED

JUN 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-30282 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00005-SLG-MMS-1 |
| v. | |
| AJELA AKESI BANKS, AKA Ajela Akesha Banks, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted June 8, 2022**
Anchorage, Alaska

Before:  HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Ajela Akesi Banks appeals a ten-month custodial sentence and a five-year

term of supervised release imposed after the district court found she had violated

her previous supervised release conditions. "We review sentences, including those

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

imposed upon revocation of supervised release, for reasonableness." *United States v. Simtob*, 485 F.3d 1058, 1061 (9th Cir. 2007) (citing *United States v. Booker*, 543 U.S. 220, 261-62 (2005)). We have jurisdiction under 28 U.S.C. § 1291. We vacate special condition four, which limits Banks' contact with her own minor children, and remand for further proceedings. In all other respects, we affirm.

1.     The district court did not plainly err in sentencing Banks for her supervised release violations. A district court may not impose a sentence to "'punish [defendants] for the criminal conduct underlying the revocation,'" nor based "*solely,* or even primarily, . . . on the severity of the new criminal offense underlying the revocation." *See Simtob*, 485 F.3d at 1062 (quotation omitted). The court may, however, "properly '*sanction* the violator for failing to abide by the conditions of the court-ordered supervision,'" and thereby breaching the court's trust. *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (quotation omitted). Although the district court referred to "a need to punish" Banks, the context of the court's remarks made clear its intent to communicate its disappointment that Banks had breached its trust by violating the release conditions, and to sanction that breach. The mere use of the word "punish" does not transform an otherwise appropriate application of the § 3583 factors into error. *See Simtob*, 485 F.3d at 1062.

2.     The district court did not abuse its discretion in its consideration of

2

Banks' medical needs arising from her pregnancy. 18 U.S.C. §§ 3553(a)(2)(D), 3583(e). Our review is limited to "whether the sentence is reasonable; only a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

The record makes clear that the district court considered the applicable § 3553(a) factors. *See* § 3553(a)(2)(D). Where, as here, the "sentencing judge listened to each argument" and "considered the supporting evidence," including a defendant's physical or medical conditions, and "imposed a sentence that takes them into account," a sentence is procedurally sufficient. *Rita v. United States*, 551 U.S. 338, 358 (2007). The court was not required to address more extensively Banks' medical needs.

Nor is Banks' within-Guidelines sentence substantively unreasonable. Banks cites no case for the proposition that pregnancy renders incarceration categorically unreasonable. *United States v. Edwards*, 595 F.3d 1004, 1015 (9th Cir. 2010).

3.    The district court erred by imposing a condition of supervised release limiting Banks' contact with her minor children.

Where a district court imposes supervised release "conditions that implicate a 'particularly significant liberty interest,'" the district court must adhere to "'enhanced procedural requirement[s].'" *United States v. Wolf Child*, 699 F.3d 1082, 1091 (9th Cir. 2012) (quoting *United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir.

2008)). A condition implicating the "fundamental liberty interest in having contact with one's children" triggers these enhanced procedural requirements. *See id.* at 1091-92.

As the government concedes, special condition four—insofar as it expressly prohibits Banks from having contact with her own minor children unless her probation officer pre-approves that contact in writing—implicates a fundamental liberty interest. The district court thus erred by failing to adequately explain its reasons for imposing that condition. *See Wolf Child*, 699 F.3d at 1093. The district court was also required to "undertake an *individualized* review of [each] person and the relationship at issue," including "all the relevant facts surrounding the relationship." *Id.* at 1093–94 (quoting *United States v. Napulou*, 593 F.3d 1041, 1047 (9th Cir. 2010)). We therefore vacate the condition of supervised release concerning Banks' contact with her minor children and remand for further proceedings.

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED.**